UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| VENESSA FERN BASTON, ) | |
| ) | |
| *Petitioner*, ) | |
| ) | |
| v. ) | No.: 3:06-cv-57 |
| ) | (VARLAN/SHIRLEY) |
| JEWEL STEEL, Warden, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court on the motion to dismiss filed by the Attorney General for the State of Tennessee on behalf of the respondent. For the following reasons, the motion to dismiss [Court File No. 5] will be **GRANTED** and this action will be **DISMISSED**.

Petitioner Venessa Fern Baston ("Baston") challenges her 2002 Morgan County conviction for felony murder. The Attorney General moves to dismiss the habeas corpus petition as untimely. In support of the motion to dismiss, the Attorney General has provided the court with copies of the relevant documents in Baston's post-conviction proceedings. [Court File No. 6, Notice of Filing, Addenda 1-4].

There is a "1-year period of limitation [that] shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

On February 20, 2002, Baston pleaded guilty to felony murder and, by judgment entered that date, was sentenced to life imprisonment with the possibility of parole. Baston did not appeal her conviction or sentence, and thus her conviction became final on March 22, 2002, which was 30 days after imposition of sentence. *See State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003).

Baston filed a petition for post-conviction relief, which tolled the running of the statute of limitation, but only while it was pending. The post-conviction petition was filed on May 9, 2002, at which time 48 days of the one-year statute of limitation had elapsed, leaving 317 days for filing a federal habeas corpus petition. *See Payton v. Brigano*, 256 F.3d 405, 406 (6th Cir. 2001) (a pending post-conviction petition "merely tolled, rather than reset," the one-year statute of limitation).

The trial court denied the petition after an evidentiary hearing and the Tennessee Court of Criminal Appeals affirmed. *Baston v. State*, No. E2003-02471-CCA-R3-PC, 2004 WL 1269097 (Tenn. Crim. App. June 9, 2004), *perm. app. denied, id.* (Tenn. November 8, 2004). Thus, the statute of limitation resumed running on February 6, 2005, which was 90 days after the Tennessee Supreme Court denied Baston's application for permission to appeal. *See Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*) (statute of limitation is tolled

during the 90 days within which petitioner could have filed a petition for writ of certiorari with the U.S. Supreme Court after the denial of post-conviction relief).[1]

As noted, Baston had 317 days remaining, or until December 20, 2005, to seek habeas corpus relief. Baston's petition for the writ of habeas corpus was not filed until January 11, 2005.[2] Accordingly, the habeas corpus petition was not timely filed and is barred by the statute of limitation. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

The respondent's motion to dismiss will be **GRANTED**. The petition for habeas corpus relief will be **DENIED** and this action **DISMISSED**. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. A certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The court **CERTIFIES** that any appeal from this action would not

---

[1] In an amended petition for the writ of habeas corpus filed after the motion to dismiss, Baston claims that her previous appeals were timely filed and that she filed as far as she was capable. Within the numerous attachments to the amended petition are documents indicating that Baston filed a notice of appeal to the Sixth Circuit of the denial of post-conviction relief and, upon being informed that she had filed her notice of appeal in the wrong court, Baston attempted to file a notice of appeal to the U.S. Supreme Court. [Court File No. 7, Attachment 1, Exhibit Part 1, pp. 74-78]. Neither a search of Westlaw nor an online search of the dockets sheets of the U.S. Supreme Court, however, indicate that the Supreme Court ever considered a petition for writ of certiorari or any other challenge to the denial of post-conviction relief in Baston's case.

[2] The petition was received by the Clerk's Office on January 27, 2006. However, the petition was signed by Baston on January 11, 2006, and presumably given to the prison mail room for mailing on that date. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing.

be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
